·    9812

### STATE BY PEEPLES, ATTORNEY GENERAL, v. GIBBES.

#### (93 S. E. 449.)

COURTS — SOUTH CAROLINA SUPREME COURT — ORIGINAL JURISDICTION. — Under Court rule 25 (104 S. C. 534, 90 S. E. 11), declaring that neither the Supreme Court nor any Justice shall entertain motions for issuance of writs in the original jurisdiction when such motions can be made before Circuit Judges in the first instance without material prejudice to the rights of the parties, and that, if public interests are involved, or if special grounds of emergency exist where the original jurisdiction of the Supreme Court should be exercised, those facts must be stated in the moving papers, the Supreme Court will decline to take original jurisdiction of a proceeding where the issues might be decided in the Circuit Court, and the case brought to the Supreme Court on appeal as early as it could be heard in exercise of the original jurisdiction.

IN THE ORIGINAL JURISDICTION, APRIL TERM, 1917.

Proceedings in nature of *quo warranto* by the State of South Carolina, by Thomas H. Peeples, Attorney General, against Wade Hampton Gibbes. The Attorney General proposed an order, consented to by counsel for both parties, referring the issues of fact involved to a special referee, to try the same, and report thereon to the Court.

*Thos. H. Peeples, Atty. Gen.,* and *Timmerman, Graham & Callison,* for plaintiff.

*R. B. Herbert* and *Weston & Aycock,* for defendant.

September 28, the following order was made

PER CURIAM.    It appearing that issues of fact as well as of law are to be determined in this case, and that the parties

have had ample time to have had such issues regularly heard and decided in the Circuit Court, and it further appearing that there is still ample time for them to have such issues there decided, and, if the decision of this Court thereon be desired, to bring the case here regularly on appeal, and have it heard as early as it could be heard in the original jurisdiction, it is ordered that this Court decline original jurisdiction of the case under rule 25 (104 S. C. 534, 90 S. E. 11), and that it be remanded to the Circuit Court for hearing and decision.

As the issue involved is one of public importance, the Circuit Court will give the case precedence in hearing and decision, so that, if appeal be taken to this Court, the same may be disposed of with all convenient speed at the approaching term.

MR. CHIEF JUSTICE GARY, *dissenting.* It seems to me that the consent order proposed by Attorney General Peeples should be granted.